IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RUSSELL CHAFIN, JR.,

    Petitioner,

v.

CHARLES BRADLEY, WARDEN,
PICKAWAY CORRECTIONAL INST.,

    Respondent.

CASE NO. 2:17-CV-1143
JUDGE JAMES L. GRAHAM
Chief Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

### Facts and Procedural History

Petitioner challenges his September 20, 1993, convictions pursuant to his guilty plea in the Franklin County Court of Common Pleas on murder, attempted burglary, and attempted abduction, with specifications. The Ohio Tenth District Court of Appeals summarized the facts and procedural history of the case as follows:

> On September 20, 1993, appellant pled guilty to murder, attempted burglary, and attempted abduction. *State v. Chafin* (May 12, 1998), Franklin App. No. 97APA09-1181, unreported (1998 Opinions 1783). Appellant was sentenced by the trial court and he did not file a direct appeal of his convictions or his sentence. On September 20, 1997, appellant filed a petition for postconviction relief alleging the following constitutional violations: (1) appellant was denied the right to effective assistance of counsel; (2) appellant's indictment was defective; (3) appellant's sentence

violated the Double Jeopardy Clause; (4) appellant was denied his right to a speedy trial; (5) the prosecution used "improper methods calculated to produce a wrongful conviction"; (6) the trial court failed to advise appellant of the nature of the charges; and (7) appellant's plea was not knowingly and intelligently made. Appellant also attached to his petition three affidavits that were not included in the original trial record.

On May 7, 1997, the trial court denied appellant's petition without an evidentiary hearing. Appellant appealed the decision to this court and asserted in his second assignment of error:

"'Trial court erred in denying [appellant's] postconviction relief without addressing [appellant's] claim that the plea bargain was coerced and [appellant] should have been afforded an evidentiary hearing to prove his claim.'" *State v. Chafin*, at 1784.

We sustained appellant's second assignment of error and reversed the trial court's decision holding that: "The facts set forth by the trial court in its decision and entry are not specific enough to permit meaningful appellate review." *Id*. at 1787.

On remand, the trial court again held that appellant's petition did not warrant an evidentiary hearing. In its June 3, 1998 entry, the trial court reviewed the three affidavits appellant submitted with his petition and addressed his claim that he was coerced to plead guilty. The court found that exhibit E, an affidavit from appellant's mother, was not "factually compelling." The court also found that even if the affidavit was compelling, "there is still no evidence that [appellant] was coerced by his mother, or his counsel. Exhibit E merely relates a conversation, with no indication that this impacted on [appellant's] decision making process." The court held that the other two affidavits had "no bearing on this matter." Appellant appeals the trial court's decision and presents two assignments of error:

"FIRST ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED IN NOT PROVIDING PETITIONER AN EVIDENTIARY HEARING PURSUANT TO O.R.C. § 2953.21[.]

"SECOND ASSIGNMENT OF ERROR

"PETITIONER'S PLEA OF GUILTY WAS NOT VOLUNTARILY KNOWINGLY AND INTELLIGENTLY MADE[.]

*State v. Chafin*, No. 98AP-865, 1999 WL 163386, at *1-2 (Ohio App. 10th Dist. March 25, 1999). On March 25, 1999, the appellate court affirmed the judgment of the trial court. *Id*. On August 4, 1999, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Chafin*, 86 Ohio St.3d 1437 (Ohio 1999). Petitioner indicates that, on August 4, 2003, he filed a motion for leave to file a delayed appeal in the state appellate court, claiming that neither the trial court nor his defense counsel had advised him of his right to appeal. However, on September 16, 2003, the appellate court denied the motion for a delayed appeal. Petitioner did not file an appeal to the Ohio Supreme Court. On May 7, 2013, however, he filed a motion for declaratory judgment and injunctive relief in the state trial court alleging that the Ohio Adult Parole Authority had denied him meaningful consideration for release on parole. *See Chafin v. Ohio Adult Parole Authority*, No. 13AP-646, 2014 WL 1350964 (Ohio App. 10th Dist. March 25, 2014). The trial court denied the motion. On March 25, 2014, the appellate court affirmed the judgment of the trial court. *Id*. On July 23, 2014, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *Chafin v. Ohio Adult Parole Authority*, 139 Ohio St.3d 1485 (Ohio 2014). On February 2, 2016, Petitioner filed a motion to withdraw his guilty plea. On August 15, 2016, the trial court denied the motion to withdraw guilty plea. Petitioner indicates that, on March 22, 2017, he filed a motion for a delayed appeal;[1] however, on May 23, 2017, the appellate court denied the motion.

---

[1] Petitioner states that he was not timely served with a copy of the trial court's decision denying his motion to withdraw guilty plea, and therefore could not timely appeal. Petition (ECF No. 1, PageID# 7.)

3

On December 27, 2017, Petitioner filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. He asserts that he was denied due process and equal protection, because he did not waive his right to appeal, and the state appellate court has refused to permit the filing of a delayed appeal when neither the trial court nor defense counsel advised him of his right to an appeal (claim one); and that he was denied the effective assistance of counsel for the filing of an appeal (claim two).

## Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Where, as here, the Petitioner's conviction became final prior to the effective date of the AEDPA, Petitioner had one year from the effective date, or until April 24, 1997, within which to file his 2254 petition. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (citing *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001) (other citations omitted). However, Petitioner asserts that he was not informed of his right to an appeal, and that he was denied the right to an appeal.

Where a defendant is not advised of his right to appeal, the statute of limitations may not begin to run on a claim that the state appellate court improperly denied a motion for delayed appeal until the date on which the state appellate court denies the motion for delayed appeal. *DiCenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2006). Moreover, claims that relate to events that occurred at the time of sentencing may be timely under 28 U.S.C. 2244(d)(1)(D), if the petitioner acted in a reasonably diligent manner in learning about his right to appeal:

> The proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered [his right to an appeal]. After that date, petitioner was entitled to further delay (whether in actually making the discovery, or in acting on a previously made discovery, or for any other reason whatsoever), so long as he filed his petition within one year of the date in which the discovery would have been made in the exercise of due diligence.
> . . . .
>
> [T]he date on which the limitations clock began to tick is a fact-specific issue the resolution of which depends, among other things, on the details of [a defendant's] post-sentence conversation with his lawyer and on the conditions of his confinement in the period after [sentencing].
>
> *Wims* [*v. United States*]*,* 225 F.3d [186,]190-91 [(2d Cir. 2000)] (citing *Easterwood v. Champion*, 213 F.3d 1321, 1323 (10th Cir.

5

2000) (taking into account "the realities of the prison system" in determining due diligence)).

*DeCinzi*, 452 F.3d at 470-471. "[P]etitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." *Id*. at 471 (citing *Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir. 2001)). The Court also construes *DiCenzi* in conjunction with *Johnson v. United States*, 544 U.S. 295 (2005), which requires consideration of the petitioner's exercise of due diligence. Thus, a petition will not be deemed timely where the petitioner fails to act with reasonable diligence. *Hysell v. Warden*, No. 2:16-cv-00139, 2016 WL 6165986, at *3 (S.D. Ohio Oct. 24, 2016) (collecting cases).

Here, when the appellate court affirmed the trial court's dismissal of Petitioner's post-conviction petition, it noted that his claims were barred under Ohio's doctrine of res judicata, because he could have raised them on direct appeal:

> A review of appellant's petition for postconviction relief shows that most of the issues he presents are barred by res judicata. Appellant could have presented his arguments in a direct appeal that: (1) his counsel was ineffective, (2) his indictment was defective, (3) his sentence violated the Double Jeopardy Clause, (4) he was denied the right to a speedy trial, (5) the prosecution engaged in misconduct, (6) he was not advised of the nature of his charges, and (7) his plea was not voluntarily, knowingly and intelligently made. Most of the evidence appellant relies upon in his allegations were contained in the original trial court record and, therefore, the issues could have been discovered and presented in a direct appeal.

*State v. Chafin*, 1999 WL 263386, at *3. Thus, Petitioner should have learned about his right to appeal, at least as of March 25, 1999, the date of the appellate court's decision denying his post conviction appeal. Nonetheless, Petitioner waited for years, until August 4, 2003, to file a motion for a delayed appeal with the state appellate court. He waited more than fourteen years

6

after the appellate court's September 16, 2003, denial of his motion for a delayed appeal, to file this habeas corpus petition. Under these circumstances, the record fails to reflect that Petitioner acted diligently in discovering the basis for his claims. This action plainly is time-barred.

## Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge