# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RUSSELL CHAFIN, JR.,**

    Petitioner,

v.

**CHARLES BRADLEY, WARDEN,**
**PICKAWAY CORRECTIONAL INST.,**

    Respondent.

Case No. 2:17-cv-1143
Judge James L. Graham
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On January 25, 2018, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that this action be dismissed as barred by the one-year statute of limitations provided for under 28 U.S.C. § 2244(d). (ECF No. 2.) Petitioner has filed an *Objection and Request for Evidentiary Hearing*. (ECF No. 9.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection and Request for Evidentiary Hearing* (ECF No. 9) is **DENIED**. The *Report and Recommendation* (ECF No. 2) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his September 20, 1993, convictions pursuant to his guilty plea in the Franklin County Court of Common Pleas on charges of murder, attempted murder, and attempted abduction, with specifications. The trial court imposed 20 ½ years to life incarceration. *Petition* (ECF No. 1, PAGEID # 1.) Petitioner asserts that he was denied due process and equal protection, because he did not waive his right to appeal, neither the trial court

nor defense counsel advised him of his right to an appeal, and the state appellate court denied his motion for a delayed appeal (claim one); and that he was denied the effective assistance of counsel in the connection with the appeal (claim two). As discussed, the Magistrate Judge recommended dismissal of these claims as time-barred. Petitioner objects to that recommendation.

Petitioner states that he did not learn about his right to appeal until 2003, when he filed a motion for a delayed appeal, which the appellate court unconstitutionally denied without examining the transcripts of his guilty plea and sentencing hearing. On March 22, 2017, Petitioner filed a second motion for a delayed appeal and motion for the appointment of counsel. (ECF No. 9, PAGEID # 194.) On May 23, 2017, the appellate court denied that motion, but according to the Petitioner, again did so without first examining the transcripts of his guilty plea and sentencing hearing. (PAGEID # 229.) On October 11, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (PAGEID # 250.) Petitioner claims that the state appellate court violated Ohio law by dismissing his motion for a delayed appeal without making a determination as to whether he had been advised of his right to appeal. (PAGEID # 54-55.) He argues that *Johnson v. United States*, 544 U.S. 295 (2005), does not apply, but that this action is timely under *DiCenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2006), and *McIntosh v. Hudson,* 632 F.Supp.2d 725 (N.D. Ohio 2009). Petitioner contends that the statute of limitations did not begin to run until May 23, 2017, when the appellate court denied his motion for a delayed appeal and he discovered the factual basis for his claims. He disputes the factual findings of the state appellate court and asserts that his guilty plea was not knowing, intelligent, and voluntary. (PAGEID # 62-63.) He asserts that equitable tolling of the statute of limitations should be applied. Petitioner states that, after a parole board hearing, a legal clerk advised him of his right

to appeal. (PAGEID # 67.) Shortly thereafter, on February 2, 2016, he filed a motion to withdraw his guilty plea. (*Id.*) Petitioner has attached various exhibits to his objections, including a copy of his sentencing transcripts (ECF No. 9, PAGEID # 101-114), documents relating to state court proceedings in the underlying criminal case, and to a prior § 2254 *Petition* he filed in this Court. (PAGEID # 122-134.)

Because this is not Petitioner's numerically first § 2254 action, the Court must first address whether this action constitutes a successive petition. On August 3, 2000, Petitioner filed a prior § 2254 *Petition*. *See Chafin v. Russell*, Case Number 2:00-cv-870. He asserted therein that he had been denied the effective assistance of counsel because his attorney failed to advise him of the nature of the charges, coerced him to enter a guilty plea, and failed to advise him of his right to appeal; that the trial court committed misconduct by failing to explain the nature of the charges or advise him of his right to appeal; that his guilty plea was not knowing, intelligent, or voluntary; and that the prosecutor committed prosecutorial misconduct. (ECF No. 9, PAGEID # 130-31.) On June 1, 2001, *Judgment* was issued dismissing that action as time-barred.

28 U.S.C. § 2244(b)(3)(A) states that before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth

3

Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam ). Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Id*.

That being the case, this Court is without jurisdiction to entertain a second or successive § 2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if Petitioner succeeds in making a prima facie showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims*:.

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

*Id*. at 47.

However, not all second-in-time habeas corpus petitions are considered "second or successive" within the meaning of § 2244(b). *See Storey v. Vasbinder*, 657 F.3d 372, 376 (6th Cir. 2011).

> For example, a habeas petition is not considered "second or successive" under § 2244(b) when the claim has been raised in a prior petition, but dismissed as unripe, although other claims in the initial petition were decided on the merits. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–46, 118 S.Ct. 1618, 140 L.Ed.2d

4

849 (1998). Even if the claim was not presented in an earlier petition, a subsequent petition raising the claim does not constitute a "successive" petition for purposes of § 2244(b) if the claim would have been dismissed as unripe in the initial petition. *Panetti,* 551 U.S. at 945, 127 S.Ct. 2842. Nor do the successive petition restrictions apply if the first petition was dismissed for lack of exhaustion. *Slack*, 529 U.S. at 478, 487, 120 S.Ct. 1595. The restrictions also do not apply if an intervening state court judgment (such as a resentencing) occurred after the first habeas petition was decided. *Magwood*, 561 U.S. at 335, 339, 130 S.Ct. 2788; *King v. Morgan*, 807 F.3d 154, 157 (6th Cir. 2015).

*In re Campbell*, 874 F.3d 454, (6th Cir. 2017).

Here, Petitioner asserts that that the appellate court unconstitutionally denied his motion for a delayed appeal, and that he was denied the right to counsel in connection with the appeal. To the extent that Petitioner's claims relate to the appellate court's denial of his motion for a delayed appeal, Petitioner arguably could not have raised these issues in his prior federal habeas corpus petition, because he did not file his first motion for a delayed appeal until 2003, and after the dismissal of that action. Therefore, this action does not appear to constitute a successive habeas corpus petition.

That said, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, this action nonetheless plainly is time-barred. The state appellate court noted in its March 25, 1999, dismissal of Petitioner's post-conviction appeal, that he should have raised his claims on direct appeal. *State v. Chafin*, No. 98AP-865, 1999 WL 163386, at *3 (Ohio App. 10th Dist. March 25, 1999). Therefore, Petitioner should have learned about his right to appeal at that time. In any event, he clearly, he knew about his right to appeal in August of 2000, when he filed his prior § 2254 *Petition*, because he asserted in those proceedings claims alleging that the trial court and defense counsel had unconstitutionally failed to advise him of his right to appeal. (ECF No. 9, PAGEID # 125-26.) Nonetheless, Petitioner waited until August 2003, to file his first motion for a delayed appeal in the state appellate court. (PAGEID # 135.) On

5

September 16, 2003, the appellate court denied the motion for a delayed appeal. The factual predicate for Petitioner's claim was apparent, at the latest, at that time. Despite his argument to the contrary, a defense attorney's obligation to advise his client regarding the filing of an appeal does not involve an unforeseeable development in the law. *See Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). Still, Petitioner waited more than fourteen years, until December 19, 2017, to execute this habeas corpus *Petition*. Under these circumstances, the record does not reflect that Petitioner acted diligently in pursuing his claims. Petitioner does not allege, and the record likewise does not reflect, that any extraordinary circumstance prevented his timely filing such that equitable tolling of the statute of limitations would be appropriate. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (To obtain equitable tolling of the statute of limitations, a litigant must establish that he has diligently pursued relief and that some extraordinary circumstance prevented his timely filing) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Thus, for the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection and Request for Evidentiary Hearing* (ECF No. 9) is **DENIED**. The *Report and Recommendation* (ECF No. 2) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —U.S. —. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims as barred by the one-year statute of limitations. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

Date: May 24, 2018

                                                               _s/James L. Graham_
                                                                JAMES L. GRAHAM
                                                                United States District Judge